ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IRENE FERRUCCIO,
Plaintiff

v.

CHERRY HILL MANOR, CHERRY HILL NURSING, LTD., LIFE CARE CENTERS OF AMERICA, INC. EDWARD J. MITSON, JR., in his official capacity, PAMELA CHARRON, in her personal and official capacity, and STEVE HAASE, in his personal and official capacity,
Defendants.

C.A. No. 06-1227

CA 06 154

**NOTICE OF REMOVAL**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND:

PLEASE TAKE NOTICE that the Defendants, Life Care Centers of America, Inc. d/b/a Cherry Hill Manor, Steven Haase, and Pamela Charron, hereby serve notice of removal of the above-entitled action from the Providence Superior Court of the State of Rhode Island to this Court pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446. Removal is proper for the following reasons:

1. On or about March 6, 2006, Defendant, Life Care Centers of America, Inc. ("Life Care"), was served with Plaintiff's Complaint, Summons and Service of Process form, in an action commenced in Providence Superior Court in the State of Rhode Island entitled Irene Ferruccio v. Cherry Hill Manor, Cherry Hill Nursing, Ltd., Life Care Centers of America, Inc., Edward J. Mitson, Jr., in his official capacity, Pamela Charron, in her personal and official capacity, and Steve Haase, in his personal and official capacity, Civil Action No. 06-1227.

Copies of the Complaint, Summons, and Service of Process form are attached hereto as Exhibit A.

2. Plaintiff agreed to allow Defendants an extension of the deadline for Defendants to file a responsive pleading to Plaintiff's Complaint to and including April 7, 2006. The foregoing Complaint, Summons, and a Service of Process form constitute all the process, pleadings and orders received by Life Care to date. No further proceedings have occurred in the state action.

3. The subject of this lawsuit is the employment of Plaintiff at Cherry Hill Manor ("CHM"), a nursing home located in Johnston, Rhode Island. CHM is operated by Life Care, a corporation incorporated in Tennessee, with a principal place of business in Cleveland, Tennessee. (Decl. of Cindy S. Cross, ¶¶ 2-3) (attached as Exhibit B). "Cherry Hill Manor" is the d/b/a name by which Life Care operates CHM, and it is not a separate entity.

4. In her Complaint, Plaintiff alleges that she was unlawfully terminated from her employment at Life Care by two of the individual Defendants, Pamela Charron and Steven Haase.

5. Plaintiff has also named two additional entities: Cherry Hill Nursing Home, Ltd.[1] and a principal owner of Cherry Hill Nursing Home, Ltd., Edward J. Mitson, Jr. (collectively referred to hereinafter as the "Former Owners"). The Former Owners sold their entire interest in CHM to Life Care on or about April 27, 1996. (Decl. of Cindy S. Cross, ¶ 3). Following the sale, Life Care transferred its interest in CHM to a subsidiary, Johnston Medical, Inc., on or about August 31, 2000. (Decl. of Cindy S. Cross, ¶ 3) Any interest of the Former Owners in CHM ended in 1996 with the sale of CHM to Life Care. (Decl. of Cindy S. Cross, ¶ 3)

---

[1] Plaintiff incorrectly named Cherry Hill Nursing Home, Ltd. in her Complaint as "Cherry Hill Nursing, Ltd."

6. The Former Owners have not maintained any ongoing relationship with Life Care or CHM. (Decl. of Cindy S. Cross, ¶ 4) On information and belief, the Former Owners dissolved Cherry Hill Nursing Home, Ltd. following the sale of CHM.

7. Plaintiff's Complaint contains no allegations against the Former Owners. The entirety of her Complaint pertains to allegations concerning her employment with and discharge from Life Care. None of the allegations contained in the Complaint occurred prior to the transfer of CHM from the Former Owners. Because Plaintiff has failed to allege any cause of action against the Former Owners, their presence in the suit constitutes fraudulent joinder. See Lawrence Builders, Inc. v. Kolodner, No. 06-013ML, 2006 U.S. Dist. LEXIS 7727, at *6-7 (D. R.I. February 14, 2006) (where complaint failed to state a cause of action against non-diverse defendants, inclusion of non-diverse defendants constituted "fraudulent joinder") (copy attached as Exhibit C).

8. In Lawrence, the court considered whether diversity of citizenship existed, where plaintiff brought suit against two diverse defendants regarding compliance with a building contract. The plaintiff also named two non-diverse defendants, but failed to allege any cause of action against the two non-diverse defendants. The court held that the lack of a cause of action against the non-diverse defendants constituted fraudulent joinder. See Lawrence, 2006 U.S. Dist. LEXIS at *7-8 ("[f]raudulent joinder is a judicially-created doctrine which applies to two situations: (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court. . . Because fraudulent joinder describes any improper joinder, a defendant need not prove that the plaintiff intended to mislead or deceive in order to sustain its burden." (citing Gabrielle v. Allegro Resorts Hotels, 210 F.Supp.2d 62, 66 (D. R.I.

2002) and Coughlin v. Nationwide Mut. Ins. Co., 776 F.Supp. 626, 628 n.3 (D. Mass. 1991))). The court further held that jurisdiction should be analyzed without reference to the non-diverse defendants, because parties "fraudulently joined to defeat removal . . . [are] disregarded in determining diversity of citizenship." Id. at *6, citing Polyplastics, Inc. v. Transonex, Inc., 713 F.2d 875, 877 (1st Cir. 1983).

9. In the instant case, jurisdiction should be analyzed based on the citizenship of the three proper defendants: Life Care, Charron, and Haase. Defendants Charron and Haase are residents of the Commonwealth of Massachusetts.[2] (Decl. of Steven Haase, ¶2) (attached as Exhibit D). Life Care is a Tennessee Corporation. Plaintiff has alleged Rhode Island citizenship. Accordingly, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship, the parties being of different states. In addition, there is complete diversity between Plaintiff, a Rhode Island resident, and Life Care, Defendant Charron, and Defendant Haase.

10. Plaintiff has alleged causes of action, the potential recovery for which exceeds the $75,000.00 jurisdictional prerequisite, exclusive of interest and costs.

11. Accordingly, this action is removable to this Court under 28 U.S.C. § 1441.

12. Defendants will notify the Providence Superior Court and all parties of this Notice of Removal by filing with the Superior Court a Notice of Filing of Notice of Removal. A copy of that notification, which will be sent to the Providence Superior Court, is attached hereto as Exhibit E.

[2] In paragraph 8 of her Complaint, Plaintiff incorrectly states that Steven Haase is a resident of the State of Rhode Island. As set forth in the Declaration of Steven Haase, Mr. Haase has resided in Sharon, Massachusetts since 1990.

Respectfully submitted,

LIFE CARE CENTERS, INC., d/b/a
CHERRY HILL MANOR, PAMELA
CHARRON, STEVE HAASE

Anthony J. DiOrio, R.I. Bar No. 3419
JACKSON LEWIS LLP
127 Dorrance Street
Providence, RI 02903
(401) 490-3444; (401) 454-8855 fax

Dated: April 3, 2006

**CERTIFICATE OF SERVICE**

This is to certify that on April 3, 2006, a copy of the foregoing document was served upon Plaintiff's attorney, Patricia E. Andrews, 170 Westminster Street, Suite 601, Providence, Rhode Island 02903, by first-class mail, postage prepaid.

Jackson Lewis LLP