# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| IRENE FERRUCCIO, Plaintiff<br><br>v.<br><br>CHERRY HILL MANOR, CHERRY HILL NURSING, LTD., LIFE CARE CENTERS OF AMERICA, INC. EDWARD J. MITSON, JR., in his official capacity, PAMELA CHARRON, in her personal and official capacity, and STEVE HAASE, in his personal and official capacity, Defendants. | ) | C.A. No. 06-cv-0154 |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendants Life Care Centers of America, Inc., d/b/a Cherry Hill Manor[1], Pamela Charron and Steve Haase ("Defendants"), for their answer, state as follows:

**INTRODUCTION**

1. State that paragraph 1 contains conclusions of law to which no response is required and, further answering, state that to the extent paragraph 1 contains allegations of fact, those allegations are denied.

**JURISDICTION**

2. State that paragraph 2 contains conclusions of law to which no response is required and, further answering, state that to the extent paragraph 2 contains allegations of fact, those allegations are denied.

[1] Plaintiff also named Defendants Cherry Hill Nursing [Home], Ltd. and Edward J. Mitson, Jr. as Defendants. As set forth in the Notice of Removal (Docket #1) filed by Defendants, Cherry Hill Nursing [Home], Ltd. and Edward J. Mitson, Jr. are not proper defendants in this matter.

**PARTIES**

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Deny the allegations in paragraph 4, and state that Life Care Centers of America, Inc. operates a long-term care facility which does business as Cherry Hill Manor. Defendants further state that Cherry Hill Nursing [Home], Ltd. is an unrelated entity.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, except deny that Mr. Mitson maintains any ongoing relationship with Life Care.

6. Admit that Life Care Centers of America, Inc. does business in the state of Rhode Island, and state that Life Care Centers of America, Inc. operates a long-term care facility which does business as Cherry Hill Manor, and otherwise deny the allegations in paragraph 6.

7. Admit that Pamela Charron is a resident of the Commonwealth of Massachusetts and that she was employed at Cherry Hill Manor as the Director of Nursing at the time Plaintiff's employment was terminated, and state that to the extent that paragraph 7 contains additional factual allegations, they are denied.

8. Deny the allegations contained in paragraph 8 and state that Steve Haase is a resident of the Commonwealth of Massachusetts, and that he was employed at Cherry Hill Manor as the Executive Director at the time Plaintiff's employment was terminated, and state that to the extent that paragraph 8 contains additional factual allegations, they are denied.

## ADMINISTRATIVE PROCEDURES

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and state that, to the extent that paragraph 9 refers to documents, the documents speak for themselves.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and state that, to the extent that paragraph 10 refers to a document, the document speaks for itself.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and state that, to the extent that paragraph 11 refers to a document, the document speaks for itself.

## STATEMENT OF FACTS

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Admit the allegations contained in paragraph 13.

14. Deny the allegations contained in paragraph 14.

15. Deny the allegations contained in paragraph 15.

16. Deny the allegations contained in paragraph 16.

17. Deny the allegations contained in paragraph 17.

18. Deny the allegations contained in paragraph 18.

19. Deny the allegations contained in paragraph 19, except admit that Plaintiff was provided a leave of absence.

20. Deny the allegations contained in paragraph 20, except admit that Plaintiff was discharged from employment.

21. Deny the allegations contained in paragraph 21.

22. Deny the allegations contained in paragraph 22.

23. Deny the allegations contained in paragraph 23.

**COUNT I**
**Fair Employment Practices Act ("FEPA")**
**G.L. 1956 § 29-5-1 et seq.**
**(Age Discrimination)**

24. Defendants incorporate its responses to paragraphs 1-21 and incorporate them herein by reference.

25. Deny the allegations contained in paragraph 25.

26. Deny the allegations contained in paragraph 26.

**COUNT II**
**Rhode Island Civil Rights Act ("RICRA")**
**G.L. 1956 § 42-112-1 et seq.**
**(Age Discrimination)**

27. Defendants incorporate its responses to paragraphs 1-24 and incorporate them herein by reference.

28. Deny the allegations contained in paragraph 28.

29. Deny the allegation contained in paragraph 29.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

If Plaintiff suffered damages as alleged in the Complaint, she is barred from recovery, in whole or in part, due to a failure to mitigate those damages.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to exhaust her administrative remedies.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants attempted in good faith to comply with applicable employment discrimination laws during Plaintiff's employment.

**SEVENTH AFFIRMATIVE DEFENSE**

Every action taken by Defendants with respect to Plaintiff was taken for legitimate business purposes and was consistent with principals of law.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to add such additional affirmative defenses as become evident as the case progresses.

WHEREFORE, Defendants pray:

1. That the Complaint be dismissed in its entirety;

2. That judgment be entered for Defendants on all counts; and

3. That the Court award such other relief as may be just and proper.

Respectfully submitted,

LIFE CARE CENTERS, INC., d./b/a
CHERRY HILL MANOR,
PAMELA CHARRON,
STEVE HAASE

By: ____________________
Anthony DiOrio
JACKSON LEWIS LLP
127 Dorrance Street, 4th Floor
Providence, RI 02903
(401) 490-3444

Dated: April 5, 2006

**CERTIFICATE OF SERVICE**

This hereby certifies that on this 5th day of April, 2006, a copy of the foregoing document was served upon Plaintiff's counsel, Patricia E. Andrews, 170 Westminster Street, Suite 601, Providence, RI, 02903, via first class mail.

____________________
Jackson Lewis LLP