UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IRENE FERRUCCIO,
Plaintiff

v.

CHERRY HILL MANOR, CHERRY HILL NURSING, LTD., LIFE CARE CENTERS OF AMERICA, INC. EDWARD J. MITSON, JR., in his official capacity, PAMELA CHARRON, in her personal and official capacity, and STEVE HAASE, in his personal and official capacity,
Defendants.

C.A. No. 06-cv-0154 S

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO REMAND**

Defendants, Life Care Centers of America, Inc. d/b/a cherry Hill Manor ("Life Care"), Steven Haase and Pamela Charron (collectively "Defendants"), hereby file their Objection to Plaintiff's Motion to Remand. As set forth in their accompanying memorandum of law, this Court has jurisdiction over the claim brought by Plaintiff Irene Ferruccio ("Plaintiff"), because there is diversity of citizenship and because Plaintiff has alleged claims, the potential recovery for which exceeds the jurisdictional prerequisite of $75,000.00. Accordingly, Plaintiff's motion for remand should be denied.

Respectfully submitted,

LIFE CARE CENTERS, INC., d./b/a
CHERRY HILL MANOR, PAMELA
CHARRON, STEVE HAASE

Christopher J. Campbell (R.I. Bar No. 6611)
JACKSON LEWIS LLP
127 Dorrance Street
Providence, RI 02903
(401) 490-3444; (401) 454-8855 fax

Date: May 16, 2006

**CERTIFICATE OF SERVICE**

This is to certify that on May 16, 2006, a copy of the foregoing document was served upon Plaintiff's attorney, Patricia E. Andrews, 170 Westminster Street, Suite 601, Providence, Rhode Island 02903, by overnight mail.

Jackson Lewis LLP

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| IRENE FERRUCCIO, Plaintiff<br><br>v.<br><br>CHERRY HILL MANOR, CHERRY HILL NURSING, LTD., LIFE CARE CENTERS OF AMERICA, INC. EDWARD J. MITSON, JR., in his official capacity, PAMELA CHARRON, in her personal and official capacity, and STEVE HAASE, in his personal and official capacity, Defendants. | ) | C.A. No. 06-cv-0154 S |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S MOTION TO REMAND**

Defendants, Life Care Centers of America, Inc. d/b/a Cherry Hill Manor ("Life Care"), Steven Haase, and Pamela Charron (collectively "Defendants"), submit the following memorandum in support of their objection to Plaintiff's Motion To Remand. As set forth below, this Court has jurisdiction over the claim brought by Plaintiff Irene Ferruccio ("Plaintiff"), because there is diversity of citizenship and because Plaintiff has alleged claims, the potential recovery for which exceeds the jurisdictional prerequisite of $75,000.00. In particular, Plaintiff has brought a claim of age discrimination against her former employer, Life Care, and two former employees, Steve Haase and Pamela Charron, based on her discharge from Cherry Hill Manor ("CHM"), an entity operated by Life Care. None of the three Defendants reside in Rhode Island. While Plaintiff has also named two Rhode Island-based defendants in this action, these defendants sold their entire interest in CHM a decade prior to Plaintiff's discharge. As to the jurisdictional amount, Plaintiff has requested an award of lost wages, emotional distress, punitive damages, and attorneys' fees, and has *not* agreed to stipulate to a total recovery under $75,000.00. As a result, this Court should deny Plaintiff's motion to remand.

## LEGAL ARGUMENT

### A. This Court Has Diversity Jurisdiction Pursuant To 28 U.S.C. §1332 And § 1441, Because The Doctrine Of Fraudulent Joinder Precludes Consideration Of The Two Non-Diverse Defendants

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441, because there is diversity of citizenship between Plaintiff and her former employer, Life Care, and the two individually-named employees who were involved in Plaintiff's discharge. In particular, Life Care is a Tennessee corporation, and both Mr. Haase and Ms. Charron are residents of Massachusetts.

While Plaintiff has also named two additional entities: Cherry Hill Nursing Home, Ltd.[1] and a principal owner of Cherry Hill Nursing Home, Ltd., Edward J. Mitson, Jr. (collectively referred to hereinafter as the "Former Owners"), the Former Owners sold their entire interest in CHM to Life Care on or about April 27, 1996. See Declaration of Cindy S. Cross, ¶ 3, attached to Defendants' Notice of Removal (docket no. 1). A second copy is attached as Exhibit A. Following the sale, Life Care transferred its interest in CHM to a subsidiary, Johnston Medical, Inc., on or about August 31, 2000. (Declaration of Cindy S. Cross, ¶ 3) Any interest of the Former Owners in CHM ended in 1996 with the sale of CHM to Life Care. (Declaration of Cindy S. Cross, ¶ 3). Since the sale in 1996, the Former Owners have not maintained any ongoing relationship with Life Care or CHM. (Declaration of Cindy S. Cross, ¶ 4).

Plaintiff's First Amended Complaint contains no allegations against the Former Owners. Rather, the entirety of her First Amended Complaint pertains to allegations concerning her employment with and discharge from Life Care. Indeed, Plaintiff did not even begin employment until *five years after* the transfer of CHM from the Former Owners. Because Plaintiff has failed to allege any cause of action against the Former Owners, their presence in the

[1] Plaintiff incorrectly named Cherry Hill Nursing Home, Ltd. in her First Amended Complaint as "Cherry Hill Nursing, Ltd."

suit constitutes fraudulent joinder. See Lawrence Builders, Inc. v. Kolodner, No. 06-013ML, 2006 U.S. Dist. LEXIS 7727, at *6-7 (D. R.I. February 14, 2006) (where complaint failed to state a cause of action against non-diverse defendants, inclusion of non-diverse defendants constituted "fraudulent joinder").

In Lawrence, the court considered whether diversity of citizenship existed, after the plaintiff brought suit against two diverse defendants regarding compliance with a building contract. The plaintiff also named two non-diverse defendants, but failed to allege any cause of action against the two non-diverse defendants. The court held that the lack of a cause of action against the non-diverse defendants constituted fraudulent joinder. See Lawrence, 2006 U.S. Dist. LEXIS at *7-8 ("[f]raudulent joinder is a judicially-created doctrine which applies to two situations: (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court. . . Because fraudulent joinder describes any improper joinder, a defendant need not prove that the plaintiff intended to mislead or deceive in order to sustain its burden.") citing Gabrielle v. Allegro Resorts Hotels, 210 F.Supp.2d 62, 66 (D. R.I. 2002) and Coughlin v. Nationwide Mut. Ins. Co., 776 F.Supp. 626, 628 n.3 (D. Mass. 1991).

Moreover, Plaintiff's claim that there is "evidence" that the Former Owners are properly joined in the instant action is simply not supported. For instance, while Plaintiff has attached a check stub from "Cherry Hill Manor Nursing Home," that title is simply the business name under which Life Care operates CHM. In addition, while Plaintiff has attached a report purporting to show that the Former Owners continue to maintain a corporate status, there is absolutely no evidence indicating that the Former Owners have an ongoing interest in CHM, or that they have had any such interest since 1996. See Declaration of Cindy Cross, ¶ 3.[2]

[2] As set forth in the attached correspondence, Defendants provided evidence of the purchase of CHM from the Former Owners prior to Plaintiff filing the instant motion to remand. In particular, after service of Plaintiff's First

At foundation, Plaintiff has failed to set forth any facts under which she may establish a cause of action against the Former Owners. As a result, Plaintiff's inclusion of the Former Owners as defendants constitutes fraudulent joinder, and the fact that the former owners are alleged to be Rhode Island residents is not relevant to this Court's analysis of whether diversity jurisdiction exists. See Lawrence, at *6 (analyzing diversity jurisdiction without reference to the non-diverse defendants, because parties "fraudulently joined to defeat removal . . . [are] disregarded in determining diversity of citizenship"), citing Polyplastics, Inc. v. Transonex, Inc., 713 F.2d 875, 877 (1st Cir. 1983).

In addition, while Plaintiff cites Sansone v. Morton Machine Works, Inc., 188 F. Supp.2d 182 (D. R.I. 2002) for the proposition that the consent of the Former Owners is necessary for removal, her reliance is misplaced. In Sansone, the plaintiff had a viable cause of action against the non-consenting defendant and, therefore, that defendant's consent was a prerequisite to removal. Where a defendant's presence in a suit constitutes fraudulent joinder, however, no such consent is required. See e.g. United Computer Sys. V. AT&T, 298 F. 3d 756, 762 (9th Cir. 2002) (noting exception to general rule of unanimous consent, if party is fraudulently joined); Emrich v. Touch Ross & Co., 846 F. 2d 1190, 1191 n.1 (same); cf. Nazario v. State Farm Mut. Auto Ins. Co., 295 F.Supp. 2d 360, 363 (S.D.N.Y. 2003) (no need to obtain consent for removal of nominal party).

**B. The Jurisdictional Prerequisite Has Been Met, Because Plaintiff Has Alleged Claims, The Potential Recovery For Which Exceeds $75,000.00**

In the instant case, Plaintiff has alleged a violation of Fair Employment Practices Act ("FEPA"), G.L. 1956 § 28-5-1 et seq. and the Rhode Island Civil Rights Act ("RICRA") G.L.

---

Amended Complaint, Defendant provided Plaintiff with a copy of the purchase and sale agreement, through which the Former Owners conveyed CHM to a Life Care entity. A copy of the Purchase and Sale agreement, which was provided to Plaintiff on March 6, 2006 via electronic mail, is attached hereto as Exhibit B. Based on this clear evidence that the Former Owners no longer maintained any relationship with Plaintiff's employer, Defendants requested that Plaintiff dismiss the Former Owners but, inexplicably, Plaintiff was unwilling to do so. See correspondence from Defendants to Plaintiff, dated March 15, 2006, attached as Exhibit C.

1956 § 42-112-1 et seq., and requested that she be awarded compensatory damages, punitive damages, equitable relief, and attorneys' fees. Given that the potential recovery for the claims alleged by Plaintiff exceeds $75,000.00, the jurisdictional prerequisite is met.

In her motion to remand, Plaintiff argues that this Court does not have jurisdiction over the instant matter, because she has submitted an affidavit indicating that she experienced approximately $32,480.00 in lost wages. Plaintiff's argument is unavailing for several reasons. First, lost wages is only one of the categories of recovery sought in Plaintiff's First Amended Complaint, which includes prayers for relief for, *inter alia*, punitive damages, emotional distress, and attorneys' fees. Moreover, in support of her claim for punitive damages, Plaintiff has alleged that Defendants engaged in intentional discrimination on the basis of age.

While Defendants believe that Plaintiff's claim lacks merit, and that Plaintiff is not entitled to any monetary recovery, her potential recovery under the claims she alleges in her First Amended Complaint are not limited by statute to a recovery less than $75,000.00. See e.g. G.L. § 28-5-24, § 28-5-29.1, § 42-112-2. In addition, awards under these statutes have exceeded $75,000.00. See e.g. Shoucair v. Brown University, 2004 R.I. Super. LEXIS 162 (2004) (R.I. Super. Sept. 9, 2004) (in claim under § 28-5, in addition to lost wages, jury awarded $100,000.00 for punitive damages and $175,000.00 for compensatory damages).

In addition to her failure to account for potential compensatory and punitive damages, Plaintiff's subsequently filed affidavit fails to account for an award of attorneys' fees. See Department of Recreation and Sports of Puerto Rico v. World Boxing Assoc., 942 F. 2d 84 (1st Cir. 1991) (noting that attorneys' fees are included in the calculation of the amount in controversy, where an award of fees is authorized or required under statute). In this case, Plaintiff's First Amended Complaint alleges violations of statutes under which attorneys' fees may be awarded. See § 28-5-24(a)(3) (authorizing an award of attorneys' fees to a prevailing party); §42-112-2 (mandatory award of attorneys' fees to a prevailing party). Recovery of

attorneys' fees under these statutes is likely to increase the $32,480.00 in lost wages to beyond the $75,000.00 jurisdictional prerequisite. See Shoucair, *supra*, (in connection with award of damages under § 28-5, court awarded $114,348.00 in attorneys' fees to lead counsel, $56,256.00 to co-counsel, $19,819.00 to local counsel, and $8,661.80 to former counsel).

Not only has Plaintiff failed to account for punitive damages, compensatory damages and attorneys' fees, but Plaintiff has been unwilling to enter into a binding stipulation that the total value of her claim is less than $75,000.00. In particular, after removing the instant matter, Defendants contacted Plaintiff's counsel to discuss a second civil matter filed by Plaintiff against Defendants.[3] During that conversation, Plaintiff's counsel expressed her view that Plaintiff's claim was not worth the $75,000.00 jurisdictional prerequisite. When Defendants then requested that Plaintiff enter into a binding stipulation as to the total value of the case, Plaintiff declined to do so. See Exhibit C attached hereto. See also Exhibits H and I to Plaintiff's Memorandum In Support of Motion To Remand. Because Plaintiff has been unwilling to enter into a binding stipulation that the total value of her case is less than the $75,000.00 jurisdictional prerequisite, she should not be allowed to contest jurisdiction under 28 U.S.C. § 1332 on the basis of the amount in controversy. Compare Satterfield v. F.W. Webb, Inc., 334 F.Supp. 2d 1 (D. Me. 2004) (remanding case because, *inter alia*, Plaintiff entered into a binding stipulation that she would cap her damages at $75,000.00 including attorneys' fees)

Moreover, it is well-settled law that a plaintiff "cannot, by subsequent agreements, stipulations, or amendments reducing the amount of his claim, divest the federal court of jurisdiction." Vrandenburgh v. Wal-Mart Stores, Inc., 397 F.Supp. 2d 76, 77-78 (D. Me. 2005), citing, St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 293-294 (1938). Rather,

---

[3] Reference is made to Antonucci v. Cherry Hill Manor, et al., U.S. District Court Docket No. 06-00108 which was removed from state court on March 8, 2006, and is currently pending before Judge Lisi.

courts have looked to whether the jurisdictional amount set forth initially satisfies the requisite amount in controversy. See Satterfield, 334 F.Supp. 2d at 3-4.

In Satterfield, while the plaintiff was prohibited by statute from alleging a specific dollar recovery, the plaintiff's complaint nonetheless indicated that her claim was worth less than $75,000.00. In seeking to remand the case after removal by defendant, the plaintiff submitted a binding stipulation, confirming that her total damages were less than $75,000.00. The court held that it was not precluded by St. Paul from considering the plaintiff's subsequent stipulation, because the subsequent stipulation was simply confirming what the plaintiff had already alleged in her complaint prior to removal.

Unlike the complaint of the plaintiff in Satterfield, Plaintiff's Complaint includes no limitations on damages. Rather, Plaintiff alleges that she is entitled to a broad range of damages and to attorneys' fees. Although nothing compels Plaintiff to explicitly limit her claim to less than $75,000.00, her subsequent attempt by affidavit to affirmatively limit one component of her damages does not preclude this Court's jurisdiction over her claim. See Vrandenburgh, *supra*. This is especially true, given that Plaintiff has refused to sign a stipulation to affirmatively limit her *total* recovery, including attorneys' fees, to less than $75,000.00 – whether before or after the case was removed to federal court. Accordingly, Plaintiff's motion for remand should be denied.

**CONCLUSION**

For the foregoing reasons, Defendants object to Plaintiff's motion to remand, and request that this Court deny the motion.

Respectfully submitted,

LIFE CARE CENTERS, INC., d./b/a
CHERRY HILL MANOR, PAMELA
CHARRON, STEVE HAASE

Christopher J. Campbell (R.I. Bar No. 6611)
JACKSON LEWIS LLP
127 Dorrance Street
Providence, RI 02903
(401) 490-3444; (401) 454-8855 fax

Dated: May 16, 2006

**CERTIFICATE OF SERVICE**

This is to certify that on May 16, 2006, a copy of the foregoing document was served upon Plaintiff's attorney, Patricia E. Andrews, 170 Westminster Street, Suite 601, Providence, Rhode Island 02903, by overnight mail.

Jackson Lewis LLP