UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IRENE FERRUCCIO,
Plaintiff

v.

CHERRY HILL MANOR, CHERRY HILL NURSING, LTD., LIFE CARE CENTERS OF AMERICA, INC. EDWARD J. MITSON, JR., in his official capacity, PAMELA CHARRON, in her personal and official capacity, and STEVE HAASE, in his personal and official capacity,
Defendants.

C.A. No. 06-cv-0154

**MOTION TO REOPEN CASE**

Defendants, Life Care Centers of America, Inc. d/b/a Cherry Hill Manor, Steven Haase, and Pamela Charron, hereby move to have the above-reference case reopened. In support of their motion, Defendants state as follows:

1. On or about March 6, 2006, Defendant, Life Care Centers of America, Inc. ("Life Care"), was served with Plaintiff's Complaint, Summons and Service of Process form in an action commenced in Providence Superior Court in the State of Rhode Island entitled Irene Ferruccio v. Cherry Hill Manor, Cherry Hill Nursing, Ltd., Life Care Centers of America, Inc., Edward J. Mitson, Jr., in his official capacity, Pamela Charron, in her personal and official capacity, and Steve Haase, in his personal and official capacity, Civil Action No. 06-1227.

2. On April 4, 2006, Defendants timely removed the case from state court. See Ferruccio v. Cherry Hill Manor, et al, RI Dist. Ct. Docket No. 06-cv-0154, Docket Entry No. 1.

3. Following removal, Plaintiff moved to remand the case, arguing that there was not diversity jurisdiction because the Former Owners were Rhode Island citizens. Defendants

opposed the remand on the basis of fraudulent joinder. On July 5, 2006, the case was remanded to state court by Magistrate Judge Almond. A copy of Magistrate Almond's decision is attached hereto as Exhibit A.

4. As set forth in the decision, Magistrate Almond held that he could not, as a matter of law, determine that the inclusion of the Former Owners constituted fraudulent joinder based on the limited factual record before him. Magistrate Almond further held that, if Plaintiff subsequently discovered that the Former Owners were not proper defendants, Plaintiff should agree to dismiss the Former Owners and consent to removal. Id.

5. On September 7, 2006, Plaintiff stipulated to the dismissal of the Former Owners. A copy of the stipulation of dismissal is attached hereto as Exhibit B.

6. Following dismissal of the Former Owners, this Court has jurisdiction based on the citizenship of the three remaining defendants: Life Care, Charron, and Haase. Defendants Charron and Haase are residents of the Commonwealth of Massachusetts. See Docket Entry No. 1.

7. In addition, Plaintiff has alleged causes of action, the potential recovery for which exceeds the $75,000.00 jurisdictional prerequisite, exclusive of interest and costs. See Exhibit A, p. 6, n. 2.

8. Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendants respectfully request that this Court grant its motion to reopen this case.

Respectfully submitted,

LIFE CARE CENTERS, INC., d/b/a
CHERRY HILL MANOR, PAMELA
CHARRON, STEVE HAASE

/s/ Christopher J. Campbell
Christopher J. Campbell (RI Bar No. 6611)
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025; (617) 367-2155 fax

Dated: September 22, 2006

**CERTIFICATE OF SERVICE**

This is to certify that on September 22, 2006, a copy of the foregoing document was electronically filed with the United States District Court for the District of Massachusetts through its Electronic Case Filing system.

/s/ Christopher J. Campbell
Jackson Lewis LLP